995 F.2d 232
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Brent E. MORRIS, Plaintiff-Appellant,
v.
M. LAURY; Joe Sorracco; James Bauder; Ronald Bransitter;
Brent Kolvert; Douglas Struthers; Michael P.
Gibbons; Jerry Maple; Helen
Brownfield, Defendants-Appellees.
 No. 91-16594.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 12, 1993.*
Decided May 25, 1993.
 
 Before HUG, WIGGINS and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Brent Eli Morris appeals pro se the district court's dismissal of his 42 U.S.C. § 1983 action. Following three orders extending the filing date for Morris' response, the district court granted defendants' unopposed motion for summary judgment under Local Rule 140-6 of Rules of Practice for the United States District Court for the District of Nevada. We affirm.[1]
 
 
 3
 * We review the district court's dismissal of the case under the local rules for abuse of discretion. Carey v. King, 856 F.2d 1439, 1440 (9th Cir.1988). "That discretion, however, is necessarily abused when exercised to grant a motion for summary judgment where the movant's papers are insufficient to support that motion or on their surface reveal a genuine issue of material fact." Henry v. Gill Indust., Inc., 983 F.2d 943, 950 (9th Cir.1993). Local Rule 140-6 provides that "[t]he failure of an opposing party to file a memorandum of points and authorities in opposition to any motion shall constitute a consent to the granting of the motion." Id.
 
 
 4
 Before dismissing an action, the district court must weigh several factors: (1) the public's interest in expeditious resolution of litigation, (2) the court's need to manage its docket, (3) the risk of prejudice to the defendants, (4) the public policy favoring disposition of cases on their merits, and (5) the availability of less drastic sanctions. Id. If the district court does not explicitly consider these factors, we review the record independently to determine whether the district court abused its discretion. Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir.1986).
 
 
 5
 "In civil rights cases, where the plaintiff is pro se, we have an obligation to construe the pleadings liberally and to afford the plaintiff the benefit of the doubt." King v. Atiyeh, 814 F.2d 565, 567 (9th Cir.1987). However, pro se litigants must follow the same rules of procedure that govern all litigants. Id. The record establishes that the district court granted Morris three extensions of time within which to file an opposition to defendants' motion for summary judgment. The district court also twice warned Morris that if he failed to file an opposition, the motions for summary judgment would be granted. United States v. Warren, 601 F.2d 471, 473-74 (9th Cir.1979) ("Only in rare cases will we question the exercise of discretion in connection with the application of local rules."). Additionally, applying the Henry standard to the defendants' motions, the motions are sufficient and on their surface raise no genuine issue of material fact. We find no abuse of discretion.
 
 II
 
 6
 The decision of the district court is AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or used by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 We grant Morris' motion to file an oversized reply brief