24 F.3d 251
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
REAL PROPERTY LOCATED AT 2067 S. PALO VERDE, Lake Havasu
City, Arizona, et al., Defendants,
Clarence Morrison, Brandon Morrison, and Noma Lee Morrison,
Claimants-Appellants.
 No. 92-17032.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 18, 1994.
Decided May 4, 1994.
 
 Before: WALLACE, Chief Judge, POOLE and CANBY, Circuit Judges.
 
 MEMORANDUM
 
 1
 Claimants Morrisons appeal from summary judgment in favor of the government and an order denying a motion for an extension of time and granting the government's motion to enforce the settlement agreement. The district court had jurisdiction pursuant to 28 U.S.C. Secs. 1345 and 1355(a). We have jurisdiction over this timely appeal pursuant to 28 U.S.C. Sec. 1291. We affirm and remand.
 
 
 2
 The Morrisons contend the district court abused its discretion in denying their motion under Federal Rule of Civil Procedure 6(b) for additional time to respond to the government's motion for summary judgment. The Morrisons argue that their belief the case was settled and a response to the government's motion for summary judgment was unnecessary constitutes "excusable neglect."
 
 
 3
 A district court has discretion to enlarge the time to "permit the act to be done where the failure to act was the result of excusable neglect...." Fed.R.Civ.P. 6(b). The moving party must show that failure to meet the deadline resulted from excusable neglect. Lujan v. National Wildlife Federation, 497 U.S. 871, 896-97 (1990) (Lujan ). The decision to grant an extension lies within the district court's discretion. Id. at 895-96. We review a district court's finding of "excusable neglect" and its denial of a motion pursuant to Rule 6(b) for abuse of discretion. Rutledge v. Electric Hose & Rubber Co., 511 F.2d 668, 675 (9th Cir.1975).
 
 
 4
 The district court pointed out that the Morrisons already had received one extension of time to respond to the government's motion for summary judgment and reasoned they could have made a timely request for another extension. The district court also relied on the Morrisons' delay in moving for additional time under Rule 6(b). The response was due on September 15, 1992, and the Morrisons did not request additional time to respond to the government's motion until October 28, 1992. The district court did not abuse its discretion in denying the Morrisons' motion for an extension of time to respond to the government's motion for summary judgment. See Lujan, 497 U.S. at 898.
 
 
 5
 The Morrisons contend the district court committed reversible error in simultaneously ordering enforcement of the settlement agreement and granting the government summary judgment. The district court relied on Local Rule 11(i) in treating the Morrisons' failure to respond to the government's motion for summary judgment as consent to disposing summarily of the motion.
 
 
 6
 Local Rule 11(i) provides "if the opposing party does not serve and file the required answering memoranda, ... such non-compliance may be deemed a consent to the denial or granting of the motion and the court may dispose of the motion summarily." D.Ariz.R. 11(i). We review for abuse of discretion. Henry v. Gill Industries, 983 F.2d 943, 950 (9th Cir.1993).
 
 
 7
 The appropriateness of summary judgment in this case must be considered in light of the statutory law of and procedural requirements for forfeitures. United States v. $5,644,540.00 in U.S. Currency, 799 F.2d 1357, 1361 (9th Cir.1986). A forfeiture pursuant to 21 U.S.C. Sec. 881 requires the government to show probable cause that the property was involved in a drug-related transaction. Id. at 1362. If the government establishes probable cause, the burden shifts to the claimant to refute the government's showing of probable cause or to show by a preponderance of evidence that the property was not involved in illicit narcotics activity. Id. The burden also shifts to the claimant to establish he or she is an "innocent owner." United States v. $125,306.00 in U.S. Currency, 882 F.2d 417, 419 (9th Cir.1988) ($125,306.00 in U.S. Currency ), cert. denied, 497 U.S. 1005 (1990). An unrebutted showing of probable cause supports forfeiture. Id.
 
 
 8
 Probable cause exists when the circumstances provide "reasonable grounds to believe that the property was related to an illegal drug transaction, supported by less than prima facie proof but more than mere suspicion." United States v. Lot 4, Block 5 of Eaton Acres, 904 F.2d 487, 490-91 (9th Cir.1990). The existence of probable cause depends on the "aggregate of facts" and poses a question of law. United States v. Padilla, 888 F.2d 642, 643 (9th Cir.1989).
 
 
 9
 We conclude the government sufficiently established probable cause. To support forfeiture of defendants pursuant to 21 U.S.C. Sec. 881(a)(6), the government demonstrated Clarence and Brandon Morrison made expenditures in excess of their income and lacked sufficient reported income to purchase the defendants. Clarence and Brandon Morrison had pled guilty to possession and intent to distribute methamphetamine. These factors provide reasonable grounds to believe that the defendants were purchased with proceeds from drug trafficking. The government has made an unrebutted showing of probable cause sufficient to support the forfeiture of defendants pursuant to section 881(a)(6).
 
 
 10
 To support forfeiture of defendants pursuant to 21 U.S.C. Sec. 881(a)(7), the government demonstrated one residence had been used as a pick-up point for drug delivery and the other as a storage facility for methamphetamines. The government showed both Brandon and Clarence Morrison had admitted that methamphetamine was found at 2396 Smoketree Avenue. These factors provide reasonable grounds to believe that the defendants were used to facilitate drug trafficking. The government has made an unrebutted showing of probable cause to support the forfeiture of defendants pursuant to section 881(a)(7).
 
 
 11
 The Morrisons contend that Noma Lee qualifies as an "innocent owner" of 2067 South Palo Verde. The government, however, demonstrated that Clarence Morrison had constructed this home with $90,000 in cash, an amount in excess of his reported income, and thus had made a sufficient showing of probable cause that the defendant was purchased with drug proceeds. Once the government made this showing of probable cause, the burden shifted to Noma Lee to establish she was an "innocent owner." $125,306.00 in U.S. Currency, 882 F.2d at 419. Because Noma Lee failed to establish the availability of this exception, the government's showing of probable cause was unrebutted and thus supports forfeiture of this defendant.
 
 
 12
 We hold that the district court did not abuse its discretion in treating Morrisons' noncompliance as consent to summary judgment pursuant to Rule 11(i) because the government's papers support a motion for summary judgment and reveal no genuine issue of material fact on their face. Because we affirm on this basis, we need not address whether the district court erred in enforcing the settlement agreement or any collateral estoppel effect of the order enforcing a settlement agreement. As the government indicated at oral argument that it desired the Morrisons to receive Defendant # 7, 1989 Toyota 4X4 pickup truck, or its proceeds if sold, we remand for the district court to delete this defendant from the summary judgment.
 
 
 13
 AFFIRMED and REMANDED.