28 F.3d 108
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Lee S. ROBINSON, Plaintiff-Appellant,
v.
CITY OF HAMILTON, Defendant-Appellee.
 No. 93-35161.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 10, 1994.*
Decided July 6, 1994.
 
 1
 Before: WIGGINS and THOMPSON, Circuit Judges, EZRA,** District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 Robinson appeals pro se the district court's dismissal of her Title VII (42 U.S.C. Sec. 2000e) action against the City of Hamilton, Montana, alleging sex discrimination and harassment. She argues that the district court abused its discretion by dismissing her action with prejudice, pursuant to Fed.R.Civ.P. 37(b)(2)(C), because of her failure to respond fully to the City's discovery requests. We affirm.
 
 
 4
 The defendant first served Robinson with discovery requests on April 21, 1992. She did not respond within 30 days. On June 25, 1992, the court established the deadline for responding to outstanding discovery requests as July 1, 1992 and warned her that failure to respond could result in dismissal. She failed to respond and moved to withdraw without prejudice on July 2, 1992.
 
 
 5
 On July 27, 1992, the court ordered her to respond to outstanding discovery as a condition to granting her motion to withdraw without prejudice and again warned her that failure to respond could result in dismissal with prejudice. She sent only partial responses to interrogatories and requests for production. On October 9, 1992, the court ordered her to answer more fully the discovery requests and noted specific deficiencies in her responses. The court again warned her about failing to comply. Her interrogatory supplements, dated October 22, 1992, only minimally added to the original answers.
 
 
 6
 Under Fed.R.Civ.P. 37(b)(2)(C), "[i]f a party ... fails to obey an order to provide or permit discovery, ... the court in which the action is pending may make ... an order ... dismissing the action." We review discovery sanctions under Rule 37 for abuse of discretion. Fjelstad v. American Honda Motor Co., 762 F.2d 1334, 1337 (9th Cir.1985). When the sanction is dismissal, the "range of discretion is narrowed and the losing party's non-compliance must be due to willfulness, fault, or bad faith." Id. (citation omitted). Willfulness, fault, or bad faith are demonstrated by a showing of "disobedient conduct not shown to be outside the control of the litigant." Henry v. Gill Indus., Inc., 983 F.2d 943, 948 (9th Cir.1993) (quoting Fjelstad, 762 F.2d at 1341). The district court gave Robinson numerous opportunities to respond fully to discovery requests and warned her three times that failure to comply with the court's orders would result in dismissal. The record does not suggest that her failure to respond was caused by factors outside her control.
 
 
 7
 In a pro se case, notice of deficiencies and an opportunity to cure should be provided before the sanction of dismissal is imposed. Ferdik v. Bonzelet, 963 F.2d 1258, 1261 (9th Cir.), cert. denied, 113 S.Ct. 321 (1992). Defense counsel's August 18, 1992 letter to Robinson and Judge Erickson's October 9, 1992 Order gave such a notice.
 
 
 8
 Because dismissal may be a harsh penalty, the district court must weight five factors before imposing dismissal:
 
 
 9
 (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.
 
 
 10
 Henry, 983 F.2d at 948 (citation omitted). If the district court fails to make explicit findings on each factor, "the appellate court must review the record independently to determine whether the dismissal was an abuse of discretion." Adriana Int'l Corp. v. Thoeren, 913 F.2d 1406, 1412 (9th Cir.1990), cert. denied, Lewis and Co. v. Thoeren, 498 U.S. 1109 (1991).
 
 
 11
 Our independent review convinces us that the district court did not abuse its discretion in dismissing the action with prejudice.
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 The Honorable David Alan Ezra, United States District Judge for the District of Hawaii, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3