34 F.3d 1072
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
GMI HOLDINGS, INC., Plaintiff-Appellee,
v.
Bill BAILEY; Bill D/B/A Genie Garage Door Service,
Defendants-Appellants.
 No. 92-56437.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 3, 1994.*
Decided Aug. 9, 1994.
 
 Before: WALLACE, Chief Judge, HUG and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Bill Bailey, dba Genie Garage Door Service ("Bailey"), appeals pro se the district court's order awarding to plaintiff GMI Holdings, Inc. ("GMI") attorneys' fees and costs in the amount of $12,126.27 after GMI prevailed on its motion to hold Bailey in contempt of a consent decree in which Bailey agreed to discontinue using the trademark "Genie", a trademark owned by GMI. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291. We review for abuse of discretion, Transgo, Inc. v. Ajac Transmission Parts Corp., 768 F.2d 1001, 1014 (9th Cir.1985), cert. denied, 474 U.S. 1059 (1986), and affirm.
 
 
 3
 Bailey contends that the district court erred by granting GMI's request for fees and costs because GMI failed to present its breakdown of the fees and costs in an affidavit or sworn declaration. This contention lacks merit.
 
 
 4
 Bailey is correct that GMI did not submit its breakdown of fees and costs in either an affidavit or sworn declaration. Nevertheless, although it is true that in many of our cases the party requesting attorneys' fees submitted the required information via affidavits, see, e.g., Henry v. Gill Indus., 983 F.2d 943, 946 (9th Cir.1993) (party requesting fees submitted evidence in declarations and affidavits), Bailey has not cited to any authority, nor are we aware of any, that supports his argument that an affidavit or sworn declaration is absolutely required. Indeed, our cases indicate that the critical concern is whether the information provided to the district court is sufficiently detailed and not whether the information is provided in a particular manner. See, e.g., id. (stating that attorneys' fee award may be based on affidavits if they are sufficiently detailed ). Here, the petition for fees and costs submitted by GMI describes the nature of the various tasks performed by GMI's attorneys, the hours expended on those tasks, and the specific items for which costs were requested. The district court did not abuse its discretion by determining that this information was sufficient to support an award of fees and costs.
 
 
 5
 Bailey also asserted in his opening brief that the amount of fees and costs awarded is excessive but failed to offer any arguments or cite any authorities on the issue. The issue is therefore deemed abandoned. See Collins v. City of San Diego, 841 F.2d 337, 339 (9th Cir.1988).[1]
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Bailey's request for an extension of time to file a reply brief to GMI's corrected answering brief is denied. GMI's corrected brief differs from its original brief only in that it contains a corporate disclosure statement and statement of related cases. The texts of the original and corrected briefs are identical