42 F.3d 1399
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Samuel A. FORDJOUR, Plaintiff-Appellant,
v.
CITY & COUNTY OF SAN FRANCISCO, Defendant-Appellee.
 No. 93-15872.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 14, 1994.*
Decided Nov. 21, 1994.
 
 1
 Before: ALARCON, HALL, Circuit Judges, and KING.**
 
 
 2
 MEMORANDUM***
 
 
 3
 Samuel Fordjour appeals pro se from the order denying his request for an attorney to represent him in this civil action pursuant to 28 U.S.C. Sec. 1915(d) and the dismissal of his action as a discovery sanction, pursuant to Rules 16(f) and 37 of the Federal Rules of Civil Procedure. We affirm.
 
 I.
 
 4
 In his brief, Fordjour contends the district court erred by denying his motion that the district court request an attorney to represent him. Fordjour further states that the district court had "no good reason" to dismiss his action. Fordjour, however, has failed to present argument in support of his contentions.
 
 
 5
 The Federal Rules of Appellate Procedure require that an appellant's brief state the issues he intends to present and support them by argument indicating his contentions "and the reasons therefor, with citations to the authorities, statutes, and parts of the record relied on." Fed.R.App.P. 28(a)(3), (5). We liberally construe pro se briefs, however, "to ensure that pro se litigants do not lose their right to a hearing on the merits ... due to ignorance of technical procedural requirements." Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir.1990). We therefore address Fordjour's contentions in turn.
 
 II.
 
 6
 We review the denial of Fordjour's request for counsel to represent him at trial for abuse of discretion. Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir.1991). On December 3, 1992, Fordjour filed a document entitled "Plaintiff Expedite Petition For Appointment of Counsel or Special Masters," in which he stated that he had been unemployed since August 23, 1991. His factual allegations were not made under penalty of perjury.
 
 
 7
 On December 18, 1992, the district court stated that it was not prepared to grant the request for Appointment of counsel "at this point". The request for the appointment of counsel to represent Fordjour at trial was not renewed.
 
 
 8
 Because Fordjour failed to file an affidavit stating that he was unable to employ counsel because of indigency, the district court had no duty to appoint an attorney pursuant to 28 U.S.C. Sec. 1915(d). Therefore, the district court did not abuse its discretion by denying Fordjour's request.
 
 III.
 
 9
 We review the imposition of discovery sanctions for abuse of discretion. Henry v. Gill Indus., Inc., 983 F.2d 943, 946 (9th Cir.1993). The district court's discretion will not be overturned unless we have a definite and firm conviction that the court committed a clear error of judgment. Id.
 
 
 10
 Rule 37(b)(2)(C) of the Federal Rules of Civil Procedure authorizes the district court to dismiss an action for noncompliance with a discovery order. Rule 37 has been interpreted, however, to limit the sanction of dismissal to cases where the party's disobedience is due to willfulness, fault, or bad faith. Henry, 983 F.2d at 946. "Disobedient conduct not shown to be outside the control of the litigant is all that is required to demonstrate willfulness, bad faith, or fault." Id. at 948 (internal quotation omitted).
 
 
 11
 The record demonstrates that Fordjour's refusal to submit to discovery at any time throughout a four and a half month period was not conduct outside of Fordjour's control. At the last minute, Fordjour cancelled two scheduled depositions. Fordjour walked out of the third deposition proceeding without saying a word, answering a single question, or offering an explanation for his conduct. At the hearing to show cause why Fordjour's action should not be dismissed for failure to cooperate in discovery, Fordjour informed the district court that he did not want to be deposed for more than an hour or by counsel who had a cold, and that he was experiencing back pain on the day of the deposition. Fordjour's conduct was clearly within his control, and it is considerably more egregious than conduct which we have held to be appropriate grounds for dismissal. See, e.g ., id. at 947 (holding that the plaintiff's action was properly dismissed where he twice rescheduled his deposition on the business day before he was to appear).
 
 
 12
 After concluding that a party willfully violated a discovery order, the district court must weigh five factors in determining whether the ultimate sanction of dismissal of the action is an appropriate sanction: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." Henry, 983 F.2d at 948. In this matter, the district court did not explicitly address these factors, so we must independently review the record in light of the five factors in order to determine whether the district court abused its discretion by ordering dismissal. Malone v. United States Postal Serv., 833 F.2d 128, 130 (9th Cir.), cert. denied, 488 U.S. 819 (1987).
 
 
 13
 The fourth factor weighs slightly in favor of Fordjour because the dismissal prevented adjudication on the merits. Similarly, the fifth factor may weigh slightly in Fordjour's favor because the district court did not explicitly consider less severe sanctions. But see id. at 132 (holding that explicit consideration of alternatives is not necessary where the violation is willful).
 
 
 14
 The first three factors, however, weigh heavily against Fordjour. The first two factors weigh against Fordjour because Fordjour's repeated refusal to submit to discovery impeded the timely resolution of this matter and the district court's ability to adhere to its trial schedule. The third factor weighs against Fordjour because the defendants' ability to prepare for trial was prejudiced by Fordjour's refusal to produce documents or submit to discovery. In addition, the prejudicial nature of Fordjour's conduct is exacerbated by his lack of a meritorious excuse for his refusal to submit to a deposition. See Malone, 833 F.2d at 131 (holding that extent of prejudice is judged with reference to strength of the plaintiff's excuse). The district court did not abuse its discretion by dismissing Fordjour's action.
 
 
 15
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 Honorable Samuel P. King, United States Senior District Judge, of Honolulu, Hawaii, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3