60 F.3d 835
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Jose Luis VARGAS, Plaintiff-Appellant,
v.
UNITED STATES of America; Federal Bureau of Prisons;
Warden, M.C.C. San Diego, California; Officer
Escovedo; Unknown Contract Officer, MCC
San Diego, Defendants-Appellees.
 No. 94-56487.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 6, 1995.*
Decided July 7, 1995.
 
 Before: FLETCHER, KOZINSKI, and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jose Luis Vargas, a federal prisoner, appeals pro se the district court's order granting the United States' motion for summary judgment in Vargas's action brought under the Federal Torts Claim Act ("FTCA") 28 U.S.C. Sec. 2671 et seq. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 * Background
 
 
 4
 In his complaint, Vargas sought damages for personal injuries, allegedly caused by the negligence of Officer Escobedo, a federal correctional officer, when Escobedo authorized or negligently failed to prevent another inmate, who was wheeling a cart, from crossing a volleyball court on which Vargas and other prisoners were playing. The complaint alleged that Vargas collided with the cart, resulting in personal injuries.
 
 
 5
 The government moved for summary judgment based on a supporting declaration from Officer Escobedo, an eyewitness to the events. In his declaration, Escobedo stated that he instructed the inmate pushing the cart to wait until there was a break in play to push the cart across the volleyball court. The inmate acknowledged the instruction, but when Escobedo returned to his post a few seconds later, he saw the inmate proceeding onto the court. Before Escobedo could stop the inmate or even shout a warning, Vargas backed into the empty cart, which was approximately 18 inches off the ground, and fell, landing on top of the cart.
 
 
 6
 Escobedo stated that "Vargas appeared to be unhurt because he stood up on the cart and pretended he was surfing while the other inmate pushed him around the volleyball court." Escobedo ordered "the two inmates to stop their horseplay." The inmate pushing the cart stopped and Vargas tumbled onto a gym mat. Another inmate joined them, pulling at Vargas's legs. Escobedo ordered the inmate to get away from Vargas, who was complaining that he had no feelings in his legs. Escobedo called for medical assistance and Vargas was carried on a gurney to the medical facility. Approximately forty-five minutes later, Escobedo stated that Vargas returned to the rooftop recreation area and was walking without any apparent difficulty.
 
 
 7
 Vargas did not file an opposition to government's motion for summary judgment, and the district court granted summary judgment for the government finding that pursuant to California law, Vargas had assumed the risk of injury, or, alternatively, that the correctional officer was not negligent.
 
 II
 Summary Judgment
 
 8
 We review de novo the grant of summary judgment. Hopkins v. Andaya, 958 F.2d 881, 884 (9th Cir.1992) (per curiam). Summary judgment is appropriate if the evidence, read in the light most favorable to the nonmoving party, demonstrates that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. See Taylor v. List, 880 F.2d 1040, 1044 (9th Cir.1989); Fed.R.Civ.P. 56(c).
 
 
 9
 The party moving for summary judgment "bears the initial responsibility for informing the district court of the basis for its motion...." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). "[T]he burden on the moving party may be discharged by 'showing'--that is, pointing out to the district court--that there is an absence of evidence to support the nonmoving party's case." Id. at 325.
 
 
 10
 In cases where the nonmoving party bears the burden of proof at trial with respect to a material fact, the party opposing the motion is required "to go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.' " Id. at 324 (quoting Fed.R.Civ.P. 56(e)). "To show existence of a 'genuine' issue, ... [the plaintiff] must produce at least some significant probative evidence tending to support the complaint." Smolen v. Deloitte, Haskins & Sells, 921 F.2d 959, 963 (9th Cir.1990) (quotations omitted). Thus, the plaintiff cannot rest on the allegations in his pleadings to overcome a motion for summary judgment. See Ghebreselassie v. Coleman Sec. Serv., 829 F.2d 892, 898 (9th Cir.1987), cert. denied, 487 U.S. 1234 (1988).
 
 
 11
 Here, the government met its initial burden. Because Vargas has the burden of proving at trial that the government's negligence caused his injury, he must produce specific evidence showing a genuine issue of fact as to each element of his claim to withstand summary judgment. See Celotex, 477 U.S. at 322, 324.
 
 
 12
 Vargas, however, did not file an opposition to the motion for summary judgment.[1] See Ghazali v. Moran, 46 F.3d 52, 54 (9th Cir.1995) (although pro se pleadings are construed liberally, pro se litigants are nonetheless bound by the rules of procedure). Thus, Vargas failed to offer significant probative evidence of specific facts to be resolved at trial. See Celotex, 477 U.S. at 324. Accordingly, the district court was correct in finding that Vargas had not produced evidence establishing a genuine issue of material fact as to each element of his claim and that the government was entitled to summary judgment. See Henry, 983 F.2d at 950; Smolen, 921 F.2d at 963.
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Vargas's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 A district court may not grant a motion for summary judgment simply because the nonmoving party does not file opposing material, even if the failure to oppose violates a local rule. Marshall v. Gates, 44 F.3d 722, 723-25 (9th Cir.1995); Henry v. Gill Indust. Inc., 983 F.2d 943, 950 (9th Cir.1993) ("[a] local rule that requires the entry of summary judgment simply because no papers opposing the motion are filed or served, and without regard to whether genuine issues of material fact exist, would be inconsistent with [Fed.R.Civ.P.] 56, hence impermissible under [Fed.R.Civ.P.] 83"). A district court may, however, grant summary judgment when the unopposed moving papers are sufficient on their face and show that no issues of material fact exist. See Henry, 983 F.2d at 950