79 F.3d 1153
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Bernadette GIBBS, Plaintiff-Appellant,
v.
NATE-N-AL'S DELI, Defendant-Appellee.
 No. 94-56741.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 12, 1996.*
Decided March 18, 1996.
 
 Before: GOODWIN, WIGGINS, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Bernadette Gibbs appeals pro se the district court's dismissal of her Title VII action against Nate-N-Al's Deli for failure to comply with court orders under Fed.R.Civ.P. 41(b). We have jurisdiction under 28 U.S.C. § 1291 and affirm.
 
 
 3
 We review a district court's dismissal of an action pursuant to Rule 41(b) under an abuse of discretion standard. Nealey v. Transportacion Maritima Mexicana, S.A., 662 F.2d 1275, 1278 (9th Cir.1980). Although dismissal is a harsh penalty imposed only in extreme circumstances, Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir.1986), we will overturn a dismissal sanction only if we have a definite and firm conviction that it was clearly outside the acceptable range of sanctions, Malone v. United States Postal Service, 833 F.2d 128, 130 (9th Cir.1987), cert. denied, 488 U.S. 819 (1988).
 
 
 4
 A district court must weigh five factors in determining whether or not to dismiss a case for failure to comply with a court order. Id. These five factors include: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." Id. (quoting Thompson v. Housing Authority, 782 F.2d 829, 831 (9th Cir.), cert. denied, 479 U.S. 829 (1986). The court must also determine that the violations of discovery orders were due to the willfulness, bad faith, or fault of the party. Hyde & Drath v. Baker, 24 F.3d 1162, 1167 (9th Cir.1994).
 
 
 5
 It is not necessary for a district court to make explicit findings to show that it has considered the five Malone factors. Malone, 833 F.2d at 130. In the absence of express consideration of the factors, we review the record independently to determine whether the dismissal was an abuse of discretion. Id. "The first two of these factors favor the imposition of sanctions in most cases, while the fourth cuts against a ... dismissal sanction. Thus the key factors are prejudice and the availability of lesser sanctions." Henry v. Gill Industries, Inc., 983 F.2d 943, 948 (9th Cir.1993) (quoting Wanderer v. Johnston, 910 F.2d 652, 656 (9th Cir.1990).
 
 I. Availability of Lesser Sanctions
 
 6
 To determine whether the district court fulfilled its obligation to consider the availability of lesser sanctions, we must examine whether the court (1) explicitly discussed the feasibility of less drastic sanctions and explained why alternative sanctions would be inappropriate, (2) implemented alternative sanctions before ordering dismissal, and (3) warned the party of the possibility of dismissal before actually ordering it. Hyde & Drath, 24 F.3d at 1167.
 
 
 7
 While it is true that "[t]he district court abuses its discretion if it imposes a sanction of dismissal without first considering the impact of the sanction and the adequacy of less drastic sanctions," United States v. National Medical Enter., Inc., 792 F.2d 906, 912 (9th Cir.1986), we have also held that "explicit discussion of alternatives is unnecessary if the district court actually tries alternatives before employing the ultimate sanction of dismissal." Malone, 833 F.2d at 132.
 
 
 8
 In the present case, the district court attempted to use alternatives to dismissal to sanction Gibbs for her reluctance to schedule and refusal to attend her deposition. Prior to dismissal, the magistrate judge imposed a monetary fine of $375 for Gibbs' abuse of discovery under Rule 37(b).[1] It was not until Gibbs failed to pay this fine and refused to reschedule her deposition as required by the magistrate judge's order that the district court decided to dismiss her action. Because the district court had already attempted to correct Gibbs' discovery abuses through the imposition of monetary sanctions, we find that it was unnecessary for the district court to discuss explicitly the need for alternatives to dismissal. See Commodity Futures Trading Comm'n v. Noble Metals Int'l Inc., 67 F.3d 766, 771-72 (9th Cir.1995) (finding that order compelling discovery and imposing monetary sanctions demonstrates consideration of less severe sanctions); United States v. Kahaluu Construction Co., Inc., 857 F.2d 600, 604 (9th Cir.1988) (same); Malone, 833 F.2d at 132.
 
 
 9
 The district court explicitly warned Gibbs that failure to comply with the sanctions imposed by the magistrate judge would result in the dismissal of her case with prejudice. Even had the district judge failed to provide Gibbs with such a warning, however, we have held that there is no warning requirement when dismissal follows a noticed motion under Rule 41(b). Morris v. Morgan Stanley & Co., 942 F.2d 648, 652 (9th Cir.1991). Given the previous sanctions imposed by the magistrate judge and notice from opposing counsel that a motion to dismiss had been filed against her, Gibbs should not have been surprised at the sanction of dismissal for her violation of the magistrate judge's order. See Adriana Int'l Corp. v. Thoeren, 913 F.2d 1406, 1413 (9th Cir.1990), cert. denied, 498 U.S. 1109 (1991). In addition, the district court judge initially dismissed Gibbs' action without prejudice, which is in itself a less drastic sanction than absolute dismissal. See Ash v. Cvetkov, 739 F.2d 493, 497 (9th Cir.1984), cert. denied, 470 U.S. 1007 (1985) ("dismissal without prejudice is a more easily justified sanction" than absolute dismissal). We therefore find that the district court's implicit consideration of lesser sanctions was sufficient to withstand an abuse of discretion analysis.
 
 II. Prejudice
 
 10
 A defendant suffers prejudice if the plaintiff's actions impair the defendant's ability to go to trial or threaten to interfere with the rightful decision of the case. Malone, 833 at 131. The repeated failure of plaintiffs to appear at scheduled depositions combined with a continuing refusal to comply with discovery orders constitutes an interference with the rightful decision of the case and is therefore sufficient to establish prejudice under Malone. Hyde & Drath, 24 F.3d at 1167; Adriana, 913 F.2d at 1412. In addition, violation of local court rules may further establish prejudice. Malone, 833 F.2d at 131 (citing Chism v. National Heritage Life Ins. Co., 637 F.2d 1328, 1331 (9th Cir.1981), overruled on other grounds by Bryant v. Ford Motor Co., 844 F.2d 602, 605 (9th Cir.1988)).
 
 
 11
 In the present case, Gibbs failed to pay the fines imposed upon her by the magistrate judge for refusing to appear at her deposition, failed to reschedule her deposition in violation of the magistrate judge's order, and refused to meet with defendant's counsel to agree upon a discovery schedule as required under Local Court Rule 9.11. We find that such conduct was sufficient to support a finding of prejudice to the defendants and that the "prejudice" prong of the Malone factors weighs in favor of dismissal. See Adriana, 913 F.2d at 1413.
 
 III. Willfulness, Bad Faith Or Fault
 
 12
 Disobedient conduct not shown to be outside the control of the litigant is sufficient to demonstrate willfulness, bad faith or fault warranting dismissal. Henry, 983 F.2d at 948. Here, Gibbs has not demonstrated that her failure to pay sanctions or to reschedule her deposition was beyond her control. The record provides no explanation for her failure to comply with the magistrate judge's order. Therefore, we hold that Gibbs' conduct demonstrated willfulness justifying dismissal. Id.
 
 
 13
 Because four of the five Malone factors weigh in favor of dismissal, and Gibbs' conduct constituted willfulness and fault, we conclude that the sanction was within the range of acceptable options and find that the district court did not abuse its discretion in dismissing Gibbs' action. See Hyde & Drath, 24 F.3d at 1167; Malone, 833 F.2d at 130.[2]
 
 
 14
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Gibbs does not appeal the magistrate's order, nor can she. See Fed.R.Civ.P. 72(a); Simpson v. Lear Astronics Corp., No. 94-55556, 1996 WL 80451, at * 2 (9th Cir. Feb. 27, 1996) ("a party who fails to file timely objections to a magistrate judge's nondispositive order with the district judge to whom the case is assigned forfeits its right to appellate review of that order")
 
 
 [2]
 Although we affirm the dismissal, we note with displeasure the consistently unprofessional tone of appellee's pleadings. There is no excuse for characterizing an opposing party's brief, pro se or otherwise, as a "panoply of irrelevant ravings," to highlight but one of counsel's inappropriate comments. We expect attorneys appearing before this court to treat opposing parties with far greater courtesy and respect than demonstrated in this case by appellee's counsel