19 F.3d 28
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
William G. MERRITT, Plaintiff-Appellant,
v.
Theodore ARMIJO; Robert Stinson, Defendants-Appellees.
 No. 93-55981.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 22, 1994.*
Decided Feb. 28, 1994.
 
 Before: SCHROEDER, CANBY, and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 William G. Merritt, a California state prisoner, appeals pro se the district court's order (1) granting defendants' motion for summary judgment in Merritt's 42 U.S.C. Sec. 1983 action, and (2) denying Merritt's motion for appointment of counsel. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 * Background
 
 
 4
 In his complaint, Merritt alleged that defendants Robert Stinson, his parole agent, and Theodore Armijo, a police officer, violated his civil rights while investigating him for murder. According to Merritt, the defendants "conspired to secure plaintiff's unlawful prosecution on an offense of murder ... by the joint unlawful acts of alteration of 'original Arrest Reports' and alteration of a warrantless search Report, unlawful suppression of exculpatory evidence, [and] wilfully and falsely testifying and committing perjury in furtherance of their unlawful conspiracy." The defendants moved for summary judgment and submitted supporting affidavits in which they denied Merritt's claims of conspiracy and misconduct. Merritt failed to file an opposition to defendants' motion for summary judgment within the time prescribed by the local rules and the district court granted summary judgment for the defendants on that basis.
 
 II
 Summary Judgment
 
 5
 We review de novo the grant of summary judgment. Hopkins v. Andaya, 958 F.2d 881, 884 (9th Cir.1992) (per curiam). A district court may not grant a motion for summary judgment simply because the nonmoving party does not file opposing material, even if the failure to oppose violates a local rule. Henry v. Gill Indust. Inc., 983 F.2d 943, 950 (9th Cir.1993) ("[a] local rule that requires the entry of summary judgment simply because no papers opposing the motion are filed or served, and without regard to whether genuine issues of material fact exist, would be inconsistent with [Fed.R.Civ.P.] 56, hence impermissible under [Fed.R.Civ.P.] 83"). A district court may, however, grant summary judgment when the unopposed moving papers are sufficient on their face and show that no issues of material fact exist. See id.
 
 
 6
 Here, the district court erred by granting defendants' motion solely on the ground that Merritt failed to file an opposition. See id. We may affirm, however, on any basis supported by the record. United States v. Washington, 969 F.2d 752, 755 (9th Cir.1992), cert. denied, 113 S.Ct. 1945 (1993). Our review of the record reveals that summary judgment was proper because the defendants' moving papers were sufficient on their face and there were no genuine issues of material fact. Accordingly, Merritt's section 1983 claim was properly dismissed on summary judgment. See Henry, 983 F.2d at 950.
 
 II
 Appointment of Counsel
 
 7
 Merritt contends that the district court abused its discretion by failing to appoint counsel to represent him. This contention lacks merit.
 
 
 8
 Appointment of counsel under section 28 U.S.C. Sec. 1915(d) is left to the sound discretion of the trial court and is appropriate only in "exceptional circumstances" where the legal issues are complex. Wood v. Housewright, 900 F.2d 1332, 1335 (9th Cir.1990). Because this case does not involve exceptional circumstances, the district court did not abuse its discretion not appointing counsel for Merritt. See id.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3