83 F.3d 427
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Mary Dolores KAHALEHAU, a/k/a Mary Delores Ferguson,
Plaintiff-Appellant,
v.
CITY FINANCE AND MORTGAGE, INC., a Hawaii Corporation,
Defendant-Appellee.
 No. 94-17171.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 10, 1996.*
Decided April 12, 1996.
 
 Before: HALL, THOMPSON, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Mary Dolores Kahalehau appeals pro se the dismissal of her action under the Truth in Lending Act, 15 U.S.C. §§ 1601-77, and related regulations. The magistrate judge dismissed Kahalehau's action based on res judicata and, alternatively, granted summary judgment against the plaintiff on the merits of her claims. Some of Kahalehau's claims for equitable relief may be moot, but she also seeks damages and therefore the case remains alive. We have jurisdiction under 28 U.S.C. § 636(c)(3), and we affirm the grant of summary judgment. See, e.g., Leonard v. Clark, 12 F.3d 885, 889 (9th Cir.1993) (court of appeals may affirm on any basis supported by the record); see also Warren v. City of Carlsbad, 58 F.3d 439, 441 (9th Cir.1995) (summary judgment reviewed de novo), cert. denied, 116 S.Ct. 1261 (1996).
 
 
 3
 Although Kahalehau did not respond to the motion brought by City Finance and Mortgage, Inc. ("City Finance"), summary judgment is only appropriate if the movant has met its burden of showing an absence of triable issues. Henry v. Gill Indus., Inc., 983 F.2d 943, 950 (9th Cir.1993). In this case, City Finance has carefully set forth how its evidence refutes Kahalehau's claims. At no time has Kahalehau disputed the appellee's analysis, and we find no flaw in it. In opposing summary judgment on appeal, Kahalehau contends only that her untimely proposed amended complaint "offered even more concrete evidence of TILA disclosure violations by Appellee," and that this lawsuit presents a "genuine material issue" because it "would greatly affect the two parties involved." Appellant's Br. at 10. These arguments lack merit.
 
 
 4
 After reviewing both the original and proposed amended complaints, both of which were verified, we find the magistrate judge correctly determined there was no triable issue of fact as to Kahalehau's original claims. See Schroeder v. McDonald, 55 F.3d 454, 460 (9th Cir.1995) (verified complaint may serve as affidavit opposing summary judgment). Kahalehau's assertion that this case could greatly affect the parties is certainly not enough in itself to prevent summary judgment. See, e.g., Hopkins v. Andaya, 958 F.2d 881, 884-85 (9th Cir.1992) (to avoid summary judgment, nonmoving party must come forward with evidence sufficient to raise a genuine issue of material fact).[1]
 
 
 5
 City Finance has reserved its right to seek attorney's fees as a sanction against Kahalehau, but the appeal was not frivolous and she substantially complied with this court's March 31, 1995 order. No sanctions will be imposed, and appellee's motion to dismiss the appeal is denied.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Kahalehau does not challenge the denial of her motion to amend the complaint. In any event, we find no abuse of discretion. Kahalehau did not submit the proposed pleading until two weeks after the hearing on City Finance's summary judgment motion and ten days after the discovery cut-off date. See Schlacter-Jones v. General Tel., 936 F.2d 435, 443 (9th Cir.1991)