107 F.3d 17
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Yazmin RIJOS, Plaintiff-Appellant,
v.
DELTA AIRLINES INC., Defendant-Appellee. (Two Cases)
 Nos. 96-55152, 96-55465.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 5, 1997.*
Decided Feb. 07, 1997.
 
 Before: CANBY, HAWKINS, and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Yazmin Rijos, a former employee of Delta Airlines, appeals pro se the district court's dismissal of her action alleging that Delta discriminated against her due to her national origin in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5. The district court dismissed Rijos's action with prejudice after Rijos failed to comply with the court's prior discovery orders. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review for abuse of discretion the district court's imposition of discovery sanctions. Adriana Int'l Corp. v. Thoeren, 913 F.2d 1406, 1408 (9th Cir.1990).
 
 
 3
 Rijos contends the district court abused its discretion by dismissing her case with prejudice. This contention lacks merit.
 
 
 4
 Because dismissal is a harsh penalty, the district court must weigh five factors before imposing dismissal for discovery abuses. Henry v. Gill Indus., Inc., 983 F.2d 943, 948 (9th Cir.1993). These five factors are: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. Id. "The first two of these factors favor the imposition of sanctions in most cases, while the fourth cuts against a ... dismissal sanction. Thus the key factors are prejudice and the availability of lesser sanctions." Wanderer v. Johnston, 910 F.2d 652, 656 (9th Cir.1990).
 
 
 5
 A defendant suffers prejudice if a plaintiff's actions impair the defendant's ability to go to trial or threatens to interfere with the rightful decision of the case. Hyde & Drath v. Baker, 24 F.3d 1162, 1166 (9th Cir.1994). Here, the district court correctly determined that Rijos willfully failed to obey the magistrate judge's discovery order. Specifically, Rijos failed to appear for her deposition, failed to make herself available to reschedule the deposition, failed to respond to Delta's document request, and failed to pay the $1,500 sanctions imposed by the magistrate judge. Rijos's failure to comply with the court's discovery orders clearly affected Delta's ability to construct a defense. See id. at 1167. Accordingly, the district court properly found that Rijos's actions prejudiced Delta. See id.
 
 
 6
 To determine if the district court properly considered alternate, less severe, sanctions, this court examines whether the district court: (1) explicitly discussed the feasibility of less drastic sanctions and explained why alternative sanctions would be inappropriate, (2) implemented alternative sanctions before dismissing the case, and (3) warned the plaintiff of the possibility of dismissal before actually ordering it. Id.
 
 
 7
 Here, the record clearly shows that these requirements were met. First, in his September 6, 1995 discovery order that sanctioned Rijos $1,500, ordered Rijos to respond to certain deposition questions and required Rijos to produce certain documents, the magistrate judge expressly warned Rijos that failure to comply with the order may result in dismissal. Second, the district court's December 18, 1995 order dismissed Rijos's action without prejudice due to her failure to comply with the discovery order. Rather than immediately dismissing Rijos's case with prejudice, the district court allowed Rijos an additional sixty days to pay the $1,500 sanction. The district court expressly warned Rijos that failure to pay the sanction would result in dismissal of her action with prejudice. Thus, before dismissing this case the district court attempted to impose less severe sanctions and issued warnings to Rijos, both to no avail. See id.
 
 
 8
 Accordingly, the district court properly weighed the five factors and did not abuse its discretion by concluding that dismissal was warranted. Id.
 
 AFFIRMED.[1]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Rijos's contention that Magistrate Judge McMahon was biased was not raised in the district court. Issues not raised below will not be considered on appeal. See Sierra Club Inc. v. Commissioner, 86 F.3d 1526, 1432 (9th Cir.1996). Furthermore, we reject Rijos's contention that her attorney is to blame for her actions. See Henry, 983 F.2d at 948-49