131 F.3d 147
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
P.T. Tunggal Jaya LESTARI, Plaintiff-Appellant,
v.
Michael DARMAWAN, Defendant-Appellee,
Jon Anton, Dr., Deendant-Cross-Defendant-Appellee,
Tarp Information Systems, Inc., Defendant-Cross-Claimant-Appellee.
 No. 96-56356.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 17, 1997.**
Nov. 19, 1997.
 
 Appeal from the United States District Court for the Central District of California, No. CV-94-07226-RMT(JGX); Robert M. Takasugi, District Judge, Presiding.
 Before: HUG, Chief Judge, PREGERSON and BEEZER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 P.T. Tunggal Jaya Lestari ("Lestari") appeals the district court's orders: (1) dismissing its complaint against defendant Tarp Information Systems ("Tarp") for failure to comply with a pre-trial discover order; and (2) dismissing with prejudice Lestari's action against all remaining defendants for failure to file a proposed pre-trial conference order. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We review for abuse of discretion the district court's dismissals pursuant to Fed.R.Civ.P. 37(b). See Halaco Eng'g Co. v. Costle, 843 F.2d 376, 379 (9th Cir.1988). A district court may impose a variety of sanctions, including dismissal of the action, for a party's failure to comply with a discovery order or participate in a pretrial conference. See Fed.R.Civ.P. 16(f); Fed.R.Civ.P. 37(b)(2). Sanctions of dismisal pursuant to Rule 37 are limited to cases where the party's non-compliance is due to willfulness, fault, or bad faith. See Henry v. Gill Indus., Inc., 983 F.2d 943, 946 (9th Cir.1993).
 
 
 4
 In both its failure to comply with the discovery order and its failure to submit a proposed joint pre-trial order, Lestari has not shown that its non-compliance was the result of circumstances outside of its control. See Henry, 983 F.2d at 946. Lestari's conduct prejudiced Tarp's defense of the case, and Lestari's non-compliance continued despite earlier warnings of case-dispositive sanctions. Accordingly, the district court did not abuse its discretion by dismissing Lestari's complaint against Tarp and Lestari's action against the remaining defendants. See Hyde & Drath v. Baker, 24 F.3d 1162, 1167 (9th Cir.1994).
 
 
 5
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3