134 F.3d 376
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Bernadine COLLINS, Plaintiff-Appellant,
v.
GRAHAM COUNTY, a political subdivision of the State of
Arizona; Graham County Sheriff's Office, an administrative
agency of Graham County; Richard Mack, both individually
and in his official capacity as Graham County Sheriff; Mrs.
Mack; Charles Morris, both individually and in his official
capacity as Graham County Chief Criminal Investigator; Mrs.
Morris, wife; Mike Mceuen, in his individual capacity,
husband; Mrs. Mceuen, wife; Tommy Whitmer, in his
individual capacity, and husband; Mrs. Whitmer, wife,
Defendants-Appellees.
 No. 97-15551.
 United States Court of Appeals, Ninth Circuit.
 Submitted January 12, 1998**
Decided Jan. 16, 1998.
 
 Before: BROWNING, KLEINFELD, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Bernadine Collins appeals the district court's summary judgment in favor of Graham County in her 42 U.S.C. § 1983 action alleging that officers violated her constitutional rights and falsely imprisoned her during execution of a search warrant at her residence.[1] We have jurisdiction pursuant to 28 U.S.C. § 1291, and we reverse and remand.
 
 
 3
 "A moving party is entitled to summary judgment only upon a showing that there are no genuine issues of material fact requiring a trial." Henry v. Gill Industries, 983 F.2d 943, 950 (9th Cir.1993). If the movant's papers do not address the allegations that give rise to the complaint, the movant has failed to satisfy its burden. See Marshall v. Gates, 44 F.3d 722, 725 (9th Cir.1995).
 
 
 4
 Here, the district court struck Collin's untimely opposition to summary judgment under a local rule, and then granted summary judgment for Graham County in spite of the fact that the county's papers did not address the manner in which the search warrant was executed. Because Graham County did not establish an absence of triable issues, the district court abused its discretion by granting summary judgment in favor of Graham County. See Henry, 983 F.2d at 950.
 
 
 5
 REVERSED AND REMANDED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 The Graham County Sheriff's Office and individual officers were named as co-defendants