142 F.3d 447
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Gene WILLISON, Defendant-Appellant,
and
Seahawk Mining, Inc., Defendant.
 No. 96-36303.
D.C. No. CV-92-00048-CCL.
 United States Court of Appeals,
Ninth Circuit.
 Submitted April 20, 1998.**
Decided April 23, 1998.
 
 Appeal from the United States District Court for the District of Montana Charles C. Lovell, District Judge, Presiding.
 Before BRUNETTI, RYMER and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Gene Willison appeals pro se the district court's grant of summary judgment in favor of the United States and order enjoining Willison from conducting mining operations without an approved plan of operations. The district court also held Willison and defendant Seahawk Mining, Inc. jointly liable for $14,040 in reclamation costs. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, see Bagdadi v. Nazar, 84 F.3d 1194, 1197 (9th Cir.1996), and we affirm.
 
 
 3
 Willison failed to file an opposition to defendants' motion for summary judgment. Pursuant to Montana District Local Rule 220-1(i), the district court construed Willison's failure to file opposition papers as consent to summary judgment and granted summary judgment for the United States. Although a district court may not grant summary judgment simply because the nonmoving party does not file an opposition, a district court may grant summary judgment when the moving papers are sufficient on their face and show that no genuine issues of material fact exist. See Henry v. Gill Indus., Inc., 983 F.2d 943, 950 (9th Cir.1993).
 
 
 4
 In this case, the United States established that Willison's mining operations exceeded five acres and he did not have an approved plan of operations on file. See 43 C.F.R. § 3809.1-4(a). The United States also established that the cost of reclaiming the property would amount to $14,040. See 43 C.F.R. § 3809.3-2(a) (stating that an operator shall be responsible for reclamation).
 
 
 5
 Because the local rule did not require the district court to grant summary judgment and because the moving papers established the absence of a genuine issue of material fact, see Henry, 983 F.2d at 950, the district court properly granted summary judgment for the United States, see Bagdadi, 84 F.3d at 1197, and enjoined Willison from further mining activity, see 43 C.F.R. § 3809.3-2(c). Willison's argument that the district court failed to consider his reclamation efforts lacks merit because Willison submitted no supporting evidence.
 
 
 6
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3