**Robin GILMER, Plaintiff–Appellant,**

v.

**SAFEWAY, INC.; Don Warren; Bill Ulery, Defendants–Appellees.**

**No. 99–16347.**

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 17, 2000.*

Decided Jan. 29, 2001.

Before WALLACE, FISHER and RAWLINSON, Circuit Judges.

R.App. P. 34(a)(2).

* The panel unanimously finds this case suitable for decision without oral argument. Fed.

## MEMORANDUM[**]

Appellant contends the district court abused its discretion in failing to provide relief under Rule 60 of the Federal Rules of Civil Procedure. An order denying relief under Rule 60 is reviewed for an abuse of discretion. *See Maraziti v. Thorpe,* 52 F.3d 252, 253 (9th Cir.1995). We hold the district court properly exercised its 60(b) discretion, especially since Appellant failed to meet the extended deadline for filing her opposition to Appellees' motions.

No extraordinary circumstances exist to compel this Court to find the district court abused its discretion in denying Appellant relief under Rule 60. *See Kagan v. Caterpillar Tractor Co.,* 795 F.2d 601, 609 (7th Cir.1986). All parties were aware of Local Rule 1.10, which provided that failure to file an opposition could be construed as consent to granting of the motion. Thus, it was not manifestly unjust or unfair for the district court to administer a sanction of which all parties were expressly apprised.

Appellant cites the case of *Henry v. Gill Industries, Inc.,* 983 F.2d 943 (9th Cir. 1993), in support of her argument that the district court nullified rule 56(c) by its application of Rule 1.10 to this case, because she was prevented from having a hearing and filing affidavits. However, *Henry* is distinguishable because it involved application of a local rule without consideration of the existence of factual issues. In this case, the district court expressly considered the record prior to granting summary judgment, rather than relying solely on Local Rule 1.10.

AFFIRMED.

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.