Phillip W. BAXTER; Nola Baxter, individually, and as husband and wife, Plaintiffs—Appellants,

v.

NATIONAL SAFETY COUNCIL, a federally charted non-profit corporation; Evangelos Galounis; Jane Doe Galounis, individually and as husband and wife, Defendants—Appellees.

No. 06–35991.

United States Court of Appeals, Ninth Circuit.

Submitted April 9, 2008.*

Filed April 23, 2008.

Jaime M. Olander, Esq., Seattle, WA, for Plaintiffs–Appellants.

Joanne Thomas Blackburn, Esq., Jackson and Wallace, Tracy A. Duany, Esq., James W. Talbot, Esq., Mullin Law Group PLLC, Seattle, WA, for Defendants–Appellees.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: THOMPSON, W. FLETCHER, and M. SMITH, JR., Circuit Judges.

MEMORANDUM **

Phillip W. Baxter and Nola Baxter appeal the district court's summary judgment in favor of the National Safety Council ("the NSC"), Evangelos Galounis, and Jane Doe Galounis. Pursuant to Federal Rule of Civil Procedure 56(c), the district court granted summary judgment dismissing the Baxters' claims for breach of contract, violations of wage statutes, negligent misrepresentation, and wrongful discharge in violation of public policy.[1] Because the parties are familiar with the facts and procedural history we do not include them here, except as necessary to explain our disposition. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

We review a district court's grant of summary judgment de novo. *Qwest Communications, Inc. v. Berkeley,* 433 F.3d 1253, 1256 (9th Cir.2006).

The Baxters failed to file an opposition to NSC's motion for summary judgment. Nonetheless, summary judgement cannot be granted solely because the Baxters failed to oppose it. *See Martinez v. Stanford,* 323 F.3d 1178, 1183 (9th Cir.2003); *Henry v. Gill Indus., Inc.,* 983 F.2d 943, 950 (9th Cir.1993). Rather, the moving party, NSC, must show that "there is no genuine issue as to any material fact and that [they were] entitled to a judgment as a matter of law." *Martinez,* 323 F.3d at 1183 (quoting Fed.R.Civ.P. 56(c)); *see also Henry,* 983 F.2d at 950.

In ruling on NSC's motion for summary judgment, the district court was required to consider only "the papers submitted on the motion and such other papers as may be on file and specifically referred to and facts therein set forth in the motion papers." *Carmen v. San Francisco Unified Sch. Dist.,* 237 F.3d 1026, 1031 (9th Cir. 2001). The district court was not required to search the entire record for evidence of a material dispute of fact. *Bias v. Moynihan,* 508 F.3d 1212, 1219 (9th Cir.2007).

On appeal, the Baxters submit lengthy arguments and some documentation through which they now attempt to oppose summary judgment. The Baxters' opposition comes far too late. "The district court is not merely a way station through which parties pass by arguing one issue while holding back a host of others for appeal." *Crawford v. Lungren,* 96 F.3d 380, 389 n. 6 (9th Cir.1996). As is well established, arguments not raised in the district court generally cannot be reviewed on appeal.[2] *Id.*

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. The Baxters do not appeal the district court's summary judgment against them on their claims for violations of the Washington Consumer Protection Act and for fraudulent concealment and intentional misrepresentation.

2. We have explained that arguments not raised in the district court are waived except in the case of the following discretionary exceptions: "(1) there are exceptional circum-stances why the issue was not raised in the trial court; (2) the new issue arises while the appeal is pending because of a change in the law; or (3) the issue presented is purely one of law and the opposing party will suffer no prejudice as a result of the failure to raise the issue in the trial court. Further exception may be made when plain error has occurred and an injustice might otherwise result." *Allen v. Ornoski,* 435 F.3d 946, 960 (9th Cir. 2006) (internal citations and internal quotation marks omitted). The Baxters make no attempt to demonstrate that this appeal falls

Reviewing the evidence before the district court, "in the light most favorable to [the Baxters] and draw[ing] reasonable inferences in [their favor]," we conclude the district court correctly determined that there was no genuine dispute as to any material fact and summary judgment was properly granted dismissing all of the Baxters' claims. *Scheuring v. Traylor Bros., Inc.*, 476 F.3d 781, 784 (9th Cir.2007).

*Breach of Contract*

The Baxters allege that NSC breached Phillip's employment contract ("the contract") by failing to pay quarterly incentives and commissions. Although Phillip W. Baxter and Nola Baxter are both named plaintiffs, Nola Baxter's claims, as well as those of the marital community, are exclusively derived from Phillip's prior employment by NFC. As a matter of convenience, we refer to all claims in the singular as Phillip's claims.

*Quarterly Incentives*

Phillip Baxter was employed by NSC from approximately May 2002 through sometime in February 2003. The undisputed evidence showed that incentive goals (the bulk of which were based on "in-territory" sales) *were* set for the first quarter during which Baxter was employed by NSC, but that Baxter did not meet all of those goals and consequently was not eligible for the related incentive pay.

It was undisputed that NSC did not set incentive goals for the second and third quarters of 2003. However, even if NSC breached its contract with Baxter by failing to provide those goals, Baxter did not present any evidence that he suffered any damages as a result of that failure. *See ESCA Corp. v. KPMG Peat Marwick*, 86 Wash.App. 628, 939 P.2d 1228, 1233 (1997) ("Although the precise amount of damages need not be shown, damages must be supported by competent evidence.... To be competent, the evidence or proof of damages must be established by a reasonable basis and it must not subject the trier of fact to mere speculation or conjecture."). To the contrary, NSC's undisputed evidence demonstrated that sales in the Pacific Northwest, Baxter's region, were substantially less in 2003 than they had been in 2002.

In view of this evidence, and in the absence of any evidence to the contrary, even drawing reasonable inferences in Baxter's favor, a reasonable jury could not conclude that Baxter suffered damages as a result of NSC's failure to set incentive goals for the second and third quarters of 2003. *See Wilkerson v. Wegner*, 58 Wash. App. 404, 793 P.2d 983, 987 (1990) (where a claim "rests only on conjecture [it] does not support a cause of action for damages"). Absent evidence establishing the fact of damages, Baxter cannot recover even if the contract was, in fact, breached. *See Gaasland Co. v. Hyak Lumber & Millwork, Inc.*, 42 Wash.2d 705, 257 P.2d 784, 788 (1953) ("uncertainty which prevents a recovery is uncertainty as to the fact of the damage") (internal quotation marks omitted). The district court correctly concluded there were no damages recoverable due to NSC's failure to set incentive goals for the second and third quarters of 2003.

*Annual Commissions*

Baxter's claim that NSC breached his contract by failing to pay annual commissions fails for the same reason. His contract provided that "[i]f cumulative annual 2003 fiscal-year actual sales exceed cumulative annual 2003 fiscal-year sales projections ... Mr. Baxter will earn an additional five (5%) commission based on this dollar difference." As discussed above, the undisputed evidence showed that sales for the Pacific Northwest region fell sub-

into any of the above exceptions and we con-        clude that none apply.

stantially in 2003, as compared to 2002. In view of this, even if NSC technically breached the contract by not providing a 2003 projection, Baxter did not establish any resulting damages, and the record indicates there were none. *See ESCA*, 939 P.2d at 1233.

Summary judgment was properly granted in favor of the appellees on Baxter's claim for breach of contract.

*Violations of Wage Statutes*

Baxter alleged that NSC violated Washington Revised Code sections 49.48.010 and 49.52.070 by not paying annual commissions or quarterly incentives as outlined in the contract. As discussed above, because Baxter did not raise a genuine issue of fact as to whether he was owed incentives or commissions, summary judgment in favor of the appellees on these claims was also proper.

*Negligent Misrepresentation*

■ Baxter also alleged that NSC negligently misrepresented his status as an independent contractor, and negligently misrepresented the facts concerning his right to receive incentive pay. In order to state a claim for negligent misrepresentation, Baxter was required to show by "clear, cogent and convincing" evidence, that NSC "supplie[d] false information for the guidance of others in their business transactions ... [and failed] to exercise reasonable care or competence in obtaining or communicating the information." *Havens v. C & D Plastics, Inc.*, 124 Wash.2d 158, 876 P.2d 435, 447 (1994) (en banc). NSC has established that Baxter presented no such evidence and none otherwise existed in the record before the district court. Summary judgment in favor of the appellees on this claim was proper.

*Wrongful Termination in Violation of Public Policy*

■ In order to state a claim for wrongful termination in violation of public policy,

Baxter was required to show: "(1) the existence of a clear [mandate of] public policy (the clarity element). (2) ... that discouraging the conduct in which [the employee] engaged would jeopardize the public policy (the jeopardy element). (3) ... that the public-policy-linked conduct caused the dismissal (the causation element). (4) [And][t]he defendant must not be able to offer an overriding justification for the dismissal (the absence of justification element)." *Sedlacek v. Hillis*, 145 Wash.2d 379, 36 P.3d 1014, 1018 (2001) (en banc). Even if Baxter had established the first two elements, he presented no evidence supporting his assertion that he was terminated because he raised the issue of his categorization as an independent contractor. NSC, by contrast, presented undisputed evidence of an "overriding justification" for Baxter's termination: along with others, he was terminated as part of a company-wide "reduction in force." Baxter presented no evidence to the contrary, and the record contains none.

Because no dispute as to a genuine issue of material fact exists as to whether Baxter was wrongfully terminated in violation of public policy, summary judgment in favor of the appellees on this claim was proper.

**AFFIRMED.**