Riccardo GREEN, Plaintiff—Appellant,

v.

SEATTLE ART MUSEUM, Defendant—Appellee.

No. 08–35470.

United States Court of Appeals, Ninth Circuit.

Submitted March 18, 2009.*

Filed April 2, 2009.

R.App. P. 34(a)(2).

Riccardo Green, Seattle, WA, pro se.

Maria Abramova, Esquire, Boris Gaviria, Esquire, Davis Wright Tremaine, LLP, Mark W. Berry, Bellevue, WA, for Defendant–Appellee.

Before: LEAVY, HAWKINS, and TASHIMA, Circuit Judges.

## MEMORANDUM **

Riccardo Green appeals pro se from the district court's summary judgment for Seattle Art Museum ("the Museum"), his former employer, in his action alleging race discrimination in employment and wrongful discharge. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review summary judgment de novo. *Manatt v. Bank of America, NA,* 339 F.3d 792, 796 (9th Cir.2003). We review for abuse of discretion sanctions imposed pursuant to Fed. R.Civ.P. 37. *Patelco Credit Union v. Sahni,* 262 F.3d 897, 912–13 (9th Cir.2001). We affirm.

The district court properly granted summary judgment on Green's Ti-

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

tle VII disparate treatment claim, because even assuming that Green established a prima facie case, he failed to raise a triable issue as to whether the Museum's legitimate and nondiscriminatory reasons for firing Green were pretext for discrimination. *See Aragon v. Republic Silver State Disposal, Inc.,* 292 F.3d 654, 664 (9th Cir. 2002) (applying the burden-shifting scheme set out in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), and affirming summary judgment for employer because plaintiff had not "presented the substantial and specific evidence required to demonstrate that [his employer's] reasons for [his] lay off were a pretext for racial discrimination").

■ The district court properly granted summary judgment on Green's Title VII hostile work environment claim because Green failed to raise a triable issue as to whether the alleged conduct altered the conditions of his employment. *See Manatt,* 339 F.3d at 798–99 (concluding that conduct of plaintiff's colleagues "was neither severe nor pervasive enough to alter the conditions of [his] employment").

The district court properly granted summary judgment on Green's wrongful discharge claim because Green failed to identify the Washington state public policy that allegedly was jeopardized when he was fired. *See Gardner v. Loomis, Inc.,* 128 Wash.2d 931, 913 P.2d 377, 382 (1996).

■■ The district court did not abuse its discretion by imposing sanctions against Green under Fed.R.Civ.P. 37, because Green filed defective and improper discovery requests and failed to provide adequate responses to the Museum's interrogatories. *See Patelco Credit Union,* 262

F.3d at 913; *Henry v. Gill Industries, Inc.,* 983 F.2d 943, 946 (9th Cir.1993).

We do not consider issues raised but not developed in Green's opening brief. *See Pierce v. Multnomah County,* 76 F.3d 1032, 1037 n. 3 (9th Cir.1996). Green's remaining contentions are unavailing.

**AFFIRMED.**