**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-36201 |
| Plaintiff - Appellee, | D.C. No. 1:10-cv-00128-SEH |
| v. | |
| TOBY CARL McADAM, DBA Risingsun Health, | MEMORANDUM[*] |
| Defendant - Appellant, | |
| and | |
| GRETA S. ARMSTRONG, DBA Risingsun Health, | |
| Defendant. | |

Appeal from the United States District Court
for the District of Montana
Sam E. Haddon, District Judge, Presiding

Submitted March 10, 2015[**]

Before:    FARRIS, WARDLAW, and PAEZ, Circuit Judges.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Toby Carl McAdam, dba Risingsun Health, appeals pro se from the district court's order holding him in civil contempt and awarding liquidated damages and attorney's fees to the United States. We have jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion a civil contempt order, and review for clear error underlying factual findings. *FTC v. Affordable Media, LLC*, 179 F.3d 1228, 1239 (9th Cir. 1999). We affirm.

The district court did not abuse its discretion when it found McAdam in contempt for failing to comply with the terms of a negotiated consent decree. *See Irwin v. Mascott*, 370 F.3d 924, 931 (9th Cir. 2004) (person subject to injunction generally may not contest its lawfulness by disobeying it).

The district court awarded liquidated damages to the United States under the terms of the consent decree, which provided for liquidated damages not to exceed $80,000 in any calendar year for failure to comply. The district court did not abuse its discretion by using an amount negotiated by the parties as compensation for McAdam's continued contemptuous conduct. *See SEC v. Hickey*, 322 F.3d 1123, 1128 (9th Cir. 2003) (setting forth standard of review and noting that "[d]istrict courts have broad equitable power to order appropriate relief in civil contempt proceedings").

The district court did not abuse its discretion by awarding attorney's fees as

13-36201

part of its contempt order.  *See Henry v. Gill Indus., Inc.*, 983 F.2d 943, 946 (9th Cir. 1993) (setting forth standard of review).

We reject McAdam's contentions concerning denial of due process, violation of the Confrontation Clause, and violation of the Equal Protection Clause. The district court afforded McAdam due process by providing notice and an opportunity to be heard on the contempt claim.  *See United States v. Ayres*, 166 F.3d 991, 995 (9th Cir. 1999) ("[C]ivil contempt may be imposed in an ordinary civil proceeding upon notice and an opportunity to be heard.  Neither a jury trial nor proof beyond a reasonable doubt is required." (citation and internal quotation marks omitted)).

McAdam's opposed motion for a stay pending appeal, filed on November 3, 2014, is denied as moot.

**AFFIRMED.**