NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JUL 3 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

RODNEY JEROME WOMACK,

Plaintiff-Appellant,

v.

W. GIBBONS, Sergeant; A. GOMEZ, Correctional Officer; G. OBRIEN, Correctional Officer; SPECIAL APPEARANCE; E. SMITH,

Defendants-Appellees.

No. 21-16780

D.C. No. 1:19-cv-00615-AWI-SAB

MEMORANDUM*

Appeal from the United States District Court
for the Eastern District of California
Anthony W. Ishii, District Judge, Presiding

Submitted June 26, 2023**

Before:     CANBY, S.R. THOMAS, and CHRISTEN, Circuit Judges.

California state prisoner Rodney Jerome Womack appeals pro se from the

district court's judgment dismissing as a discovery sanction his 42 U.S.C. § 1983

action alleging excessive force and deliberate indifference to his serious medical

---

*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

needs. We have jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion a dismissal under Federal Rule of Civil Procedure 37. *Ingenco Holdings, LLC v. Ace Am. Ins. Co.*, 921 F.3d 803, 821 (9th Cir. 2019). We reverse and remand.

The district court found that Womack's failure to produce discovery documents was willful, intentional, and in bad faith. *See Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1096 (9th Cir. 2007) (a sanction of dismissal is very severe, and "[o]nly willfulness, bad faith, and fault justify terminating sanctions" (citation and internal quotation marks omitted)). However, Womack declared that he mailed a signed declaration of the eyewitnesses, as well as available medical records, to defendants. When Womack obtained additional medical records, he requested instructions from the district court on how to send the documents, because defendants contended that they had not received Womack's prior mailing of medical records. Womack's efforts to comply with his discovery obligations do not demonstrate "disobedient conduct"; rather, defendants' failure to receive the documents were due to circumstances "outside the control of the litigant." *Henry v. Gill Indus., Inc.*, 983 F.2d 943, 948 (9th Cir. 1993). Because the district court's dismissal of Womack's action under Rule 37 is not supported by the record, we reverse the judgment and remand for further proceedings.

2

Womack's motion for leave to file a supplemental complaint (Docket Entry

No. 30) is denied.

**REVERSED and REMANDED.**

21-16780