NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 10 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

PLANNED PARENTHOOD
FEDERATION OF AMERICA,
INC.; PLANNED PARENTHOOD
SHASTA-DIABLO, INC.; PLANNED
PARENTHOOD MAR MONTE,
INC.; PLANNED PARENTHOOD OF
THE PACIFIC SOUTHWEST; PLANNED
PARENTHOOD LOS
ANGELES; PLANNED PARENTHOOD
OF ORANGE AND SAN BERNARDINO
COUNTIES, INC.; PLANNED
PARENTHOOD CALIFORNIA
CENTRAL COAST, INC.; PLANNED
PARENTHOOD OF PASADENA AND
SAN GABRIEL VALLEY,
INC.; PLANNED PARENTHOOD
CENTER FOR CHOICE; PLANNED
PARENTHOOD OF THE ROCKY
MOUNTAINS; PLANNED
PARENTHOOD GULF COAST,

          Plaintiffs - Appellees,

 v.

CENTER FOR MEDICAL
PROGRESS; BIOMAX PROCUREMENT
SERVICES, LLC; DAVID
DALEIDEN, AKA Robert Daoud

No. 24-3526

D.C. No.
3:16-cv-00236-WHO

MEMORANDUM*

---

     * This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Sarkis; GERARDO ADRIAN LOPEZ,

          Defendants - Appellants.

---

PLANNED PARENTHOOD
FEDERATION OF AMERICA,
INC.; PLANNED PARENTHOOD
SHASTA-DIABLO, INC.; PLANNED
PARENTHOOD MAR MONTE,
INC.; PLANNED PARENTHOOD OF
THE PACIFIC SOUTHWEST; PLANNED
PARENTHOOD LOS
ANGELES; PLANNED PARENTHOOD
OF ORANGE AND SAN BERNARDINO
COUNTIES, INC.; PLANNED
PARENTHOOD CALIFORNIA
CENTRAL COAST, INC.; PLANNED
PARENTHOOD OF PASADENA AND
SAN GABRIEL VALLEY,
INC.; PLANNED PARENTHOOD
CENTER FOR CHOICE; PLANNED
PARENTHOOD OF THE ROCKY
MOUNTAINS; PLANNED
PARENTHOOD GULF COAST,

          Plaintiffs - Appellees,

  v.

SANDRA SUSAN MERRITT, AKA Susan
Tennenbaum,

          Defendant - Appellant.

No. 24-3532

D.C. No.
3:16-cv-00236-WHO

---

PLANNED PARENTHOOD
FEDERATION OF AMERICA,
INC.; PLANNED PARENTHOOD
SHASTA-DIABLO, INC.; PLANNED
PARENTHOOD MAR MONTE,

No. 24-3536

D.C. No.
3:16-cv-00236-WHO

2

INC.; PLANNED PARENTHOOD OF
THE PACIFIC SOUTHWEST; PLANNED
PARENTHOOD LOS
ANGELES; PLANNED PARENTHOOD
OF ORANGE AND SAN BERNARDINO
COUNTIES, INC.; PLANNED
PARENTHOOD CALIFORNIA
CENTRAL COAST, INC.; PLANNED
PARENTHOOD OF PASADENA AND
SAN GABRIEL VALLEY,
INC.; PLANNED PARENTHOOD
CENTER FOR CHOICE; PLANNED
PARENTHOOD OF THE ROCKY
MOUNTAINS; PLANNED
PARENTHOOD GULF COAST,

         Plaintiffs - Appellees,

  v.

TROY NEWMAN; ALBIN RHOMBERG,

         Defendants - Appellants.

Appeal from the United States District Court
for the Northern District of California
William Horsley Orrick, District Judge, Presiding

Submitted April 8, 2025[**]
San Francisco, California

Before: KOH and JOHNSTONE, Circuit Judges, and SIMON, District Judge.[***]

---

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Michael H. Simon, United States District Judge for the District of Oregon, sitting by designation.

3

Defendants-Appellants Center for Medical Progress, BioMax Procurement Services, LLC, David Daleiden, Gerardo Adrian Lopez, Sandra Susan Merritt, Troy Newman, and Albin Rhomberg (collectively, "the Center") appeal the district court's award of supplemental, appellate-level attorneys' fees and costs to Plaintiffs-Appellees Planned Parenthood Federation of America, Inc. and ten of its regional affiliates (collectively, "Planned Parenthood"). We have jurisdiction under 28 U.S.C. § 1291. We review the district court's award of attorneys' fees and costs for an abuse of discretion. *Lowery v. Rhapsody Int'l, Inc.*, 75 F.4th 985, 991 (9th Cir. 2023) (fees); *Vazquez v. County of Kern*, 949 F.3d 1153, 1159 (9th Cir. 2020) (costs). Finding none, we affirm.

The Center's sole argument in this appeal is that the district court erred by awarding fees and costs without requiring Planned Parenthood's counsel to produce timesheets. We considered a nearly identical argument in the Center's appeal of the award of trial-level attorneys' fees and costs in *Planned Parenthood Federation of America, Inc. v. Center for Medical Progress*, No. 21-15124, 2024 WL 4471745, at *2 (9th Cir. Oct. 11, 2024) (unpublished). For the same reasons, we conclude that the district court did not abuse its discretion in awarding appellate-level attorneys' fees and costs.

The Center's primary argument in this appeal is that *Intel Corp. v. Terabyte International, Inc.*, 6 F.3d 614 (9th Cir. 1993), mandates disclosure of the

4

timesheets underlying the award. As in the Center's appeal concerning trial-level attorneys' fees, *Intel* is inapposite. Again, the district court made specific findings that Planned Parenthood's counsel provided "highly detailed" declarations and charts that allowed the court and the Center to evaluate the reasonableness of the requested fees. This evidence is sufficient to "support[] the hours worked and rates claimed." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *see also Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1121 (9th Cir. 2000) (concluding that "a summary of the time spent on a broad category of tasks" was sufficient to support a fee award).

The Center's only other argument is that Planned Parenthood's declarations and charts are summary exhibits subject to the requirements of Federal Rule of Evidence 1006. This argument is squarely foreclosed by our decision in *Henry v. Gill Industries, Inc.*, 983 F.2d 943, 946 n.1 (9th Cir. 1993).

**AFFIRMED**.