139 F.3d 904
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ian Seth GOLDSTEIN, Plaintiff-Appellant,
v.
K.W. PRUNTY, Warden; Arias, Senior Lab Tech, Defendants-Appellees.
 No. 97-55549.
D.C. No. CV-95-02703-RMB.
 United States Court of Appeals, Ninth Circuit.
 Decided Feb. 23, 1998.
Submitted February 9, 1998.**
 
 Appeal from the United States District Court for the Southern District of California Rudi M. Brewster, District Judge, Presiding.
 Before PREGERSON, CANBY, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Ian Seth Goldstein, a California state prisoner, appeals pro se the district court's summary judgment for defendants in Goldstein's 42 U.S.C. § 1983 action alleging violations of his constitutional rights when defendants took a blood and saliva sample pursuant to Cal.Penal Code § 290.2. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the district court's grant of summary judgment, see Barnett v. Centoni, 31 F.3d 813, 815 (9th Cir.1994) (per curiam), and we affirm.[1]
 
 
 3
 In his amended complaint, Goldstein sought vacation of the prison's disciplinary charge against him for refusing to provide blood and saliva as well as restoration of the thirty days of good-time credit which defendants assessed as a disciplinary measure. The district court concluded that Goldstein's Fourth and Fourteenth Amendment claims, as well as his Ex Post Facto claim, would necessarily imply the invalidity of his sentence and properly dismissed these claims on that ground. See Heck v. Humphrey, 512 U.S. 477, 486-87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994); Presiser v. Rodriguez, 411 U.S. 475, 500, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973).[2]
 
 
 4
 Goldstein's Eighth Amendment claim, however, does not necessarily imply the invalidity of his sentence. Although the district court granted summary judgment for defendants on this claim, defendants never met their burden of establishing the absence of a genuine issue of material fact as to Goldstein's Eighth Amendment claim. See Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).
 
 
 5
 Where it appears that dismissal of a claim by the district court was improper, this court need not reverse the dismissal, but may affirm on any basis supported by the record. See Henry v. Gill Indus., 983 F.2d 943, 950 (9th Cir.1993). Accepting Goldstein's allegations as true, we are unable to conclude that they state a claim under the Eighth Amendment. See Hudson v. McMillian, 503 U.S. 1, 6-7, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992) (excessive force); Doty v. County of Lassen, 37 F.3d 540, 546 (9th Cir.1994) (deliberate indifference to serious medical needs). Accordingly, we conclude that the district court properly disposed of Goldstein's Eighth Amendment claim on summary judgment. See Henry, 983 F.2d at 950.
 
 
 6
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 On appeal, Goldstein contends that he submitted an opposition to defendants' motion for summary judgment which the district court neither filed nor reviewed. We have reviewed the document titled "Opposition to Defendants' Motion for Summary Judgment" attached to Goldstein's opening brief
 
 
 [2]
 We construe the dismissal as having been without prejudice. See Trimble v. City of Santa Rosa, 49 F.3d 583, 585 (9th Cir.1995) (per curiam)