**Kurt WEINREICH, Plaintiff–Appellant,**

v.

**ENVIRONMENTAL PROTECTION AGENCY, Defendant–Appellee.**

No. 02–35500.

D.C. No. CV–01–01710–FDB.

United States Court of Appeals, Ninth Circuit.

Submitted April 7, 2003.*

Decided April 21, 2003.

Appeal from the United States District Court for the Western District of Washington, Franklin D. Burgess, District Judge, Presiding.

———

Before RYMER, KLEINFELD, and FISHER, Circuit Judges.

MEMORANDUM**

Kurt Weinreich appeals pro se the district court's summary judgment in his action under the Administrative Procedure Act ("APA"), 5 U.S.C. § 706, challenging the Environmental Protection Agency's ("EPA") issuance of a Stop Sale, Use, or

---

* The panel unanimously finds this case suitable for decision without oral argument, and denies Weinreich's motion for oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

Removal Order ("SSURO") for production of an unregistered pesticide. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, *Margolis v. Ryan,* 140 F.3d 850, 852 (9th Cir.1998), and we affirm.

The district court properly determined that the EPA's unopposed motion for summary judgment was supported by the record. *See* 7 U.S.C. § 136k(a); *Nat'l Res. Def. Council, Inc. v. EPA,* 966 F.2d 1292, 1297 (9th Cir.1992); *see also Henry v. Gill Indus., Inc.,* 983 F.2d 943, 950 (9th Cir. 1993) (holding that unopposed motion for summary judgment met the requirements of Fed.R.Civ.P. 56). Furthermore, we do not reach Weinreich's specific contentions regarding errors in summary judgment or in the administrative record because he failed to present them to the district court. *See Whittaker Corp. v. Execuair, Corp.,* 953 F.2d 510, 515 (9th Cir.1992).

The district court properly struck Weinreich's motion to void judgment because at the time he filed the motion, the EPA's motion for summary judgment was still pending in this action and the substance of Weinreich's motion referred to the judgment already entered in his related action CV-01-5431.[1]

We reject Weinreich's contention that in striking his motion to void judgment, in CV-01-1710, the district court denied him the opportunity to respond to the EPA's motion for summary judgment, because Weinreich failed to respond to the EPA's motion during the six weeks it was pending. *Cf. Fuller v. City of Oakland, Cal.,* 47 F.3d 1522, 1533 (9th Cir.1995) (stating a party has an adequate opportunity to respond to summary judgment where there is opportunity to address the issues involved, including adequate time to develop

any facts necessary to oppose summary judgment).

Weinreich's contentions regarding judicial bias lack merit because they are based on Judge Burgess' prior adverse decisions. *See Liteky v. United States,* 510 U.S. 540, 556, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994) (holding adverse rulings alone do not establish judicial bias).

We do not reach Weinreich's contentions regarding the proceedings or judgment in CV-01-5431.

Weinreich's remaining contentions lack merit.

**AFFIRMED.**

---

1. Contrary to Weinreich's contention, the district court did not consolidate this action with Weinreich's previously consolidated actions.

---

Instead, the district court simply referred this action to the same presiding judge.

