**MAR COM INC., Plaintiff—Appellee,**

v.

**F/V HICKORY WIND; et al.,**
**Defendants—Appellants.**

No. 03–35313.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 2, 2004.

Decided Jan. 12, 2005.

Craig C. Murphy, Esq., Todd A. Zilbert, Esq., Wood Tatum Sanders & Murphy, Portland, OR, for Plaintiff–Appellee.

Mark C. Manning, Esq., Anchorage, AK, Dean G. Kallenbach, Esq., Young Denormandie, PC, Seattle, WA, for Defendants–Appellants.

Before: ALARCÓN, W. FLETCHER, and RAWLINSON, Circuit Judges.

MEMORANDUM *

We normally defer to the discretion of the trial court when it comes to discovery disputes. *See Wong v. Regents of University of California,* 379 F.3d 1097, 1103 (9th Cir.2004). However, in this case Mar Com failed to make proper initial disclosures, failed to respond completely to interrogatories, failed to supplement its discovery responses and failed to comply with the sanctions order previously imposed by the court.

When Mar Com expanded the scope of the case on the day of trial in direct disregard of the previously imposed sanctions order, the court abused its discretion when it made absolutely no findings regarding substantial justification and harmlessness, as contemplated by the governing rule. *See* Fed.R.Civ.P. 37(c)(1).

Accordingly, the judgment in this case is vacated, and this case is remanded for the district court to: 1) clarify the basis for its implicit denial of Hickory Wind's second motion for sanctions; 2) state its factual findings on the justification and harmlessness factors set forth in Rule 37(c)(1); and 3) reconsider its decision in light of the factual findings.

We remind the court of its obligation under Rule 37(c)(1) to grant a new trial in the event that it finds that Mar Com, without justification, failed to respond to Hickory Wind's discovery request, resulting in harm to Hickory Wind. *See Wong,* 379 F.3d at 1103 (warning that discovery scheduling "efforts will be successful only if the deadlines are taken seriously by the parties, and the best way to encourage that is to enforce the deadlines").

VACATED and REMANDED.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

