**MAR COM, INC., Plaintiff—Appellee,**

v.

**F/V HICKORY WIND; Hickory Wind LLC, Defendants—Appellants.**

No. 05–35437.

United States Court of Appeals, Ninth Circuit.

Submitted April 2, 2008.*

Filed April 11, 2008.

Janet M. Schroer, Esq., Hoffman Hart & Wagner, LLP, Portland, OR, for Plaintiff–Appellee.

John Graeme Young, Esq., Dean Gordon Von Kallenbach, Esq., Mark Scheer, Esq., Young Denormandie, PC, Seattle, WA, for Defendants–Appellants.

Before: ALARCÓN, W. FLETCHER, and RAWLINSON, Circuit Judges.

## MEMORANDUM **

Appellant F/V Hickory Wind (Hickory Wind) challenged the district court's ruling that Hickory Wind was not prejudiced by Appellee Mar Com, Inc.'s (Mar Com) discovery violations. In a prior appeal, we vacated the district court's ruling on the discovery sanctions and, in a memorandum disposition, remanded the case to the district court to perform the requisite analy-

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

sis pursuant to Fed.R.Civ.P. 37(c)(1). *See Mar Com Inc. v. F/V HICKORY WIND,* 120 Fed.Appx. 74 (9th Cir.2005).

On remand, the district court found that Mar Com did not commit any discovery violations, which was contrary to its own prior decision. *See id.* at 75. The district court's failure to adhere to the law of the case constituted error. *See Moore v. Jas. H. Matthews & Co.,* 682 F.2d 830, 834 (9th Cir.1982). However, because the district court's error did not affect its analysis of the remanded issue, no reversal is necessary. *See United States v. Jiminez–Lopez,* 437 F.2d 791, 794–95 (9th Cir.1971) (holding that the district court disregarded the law of the case, but concluding that the error was harmless).

The district court properly determined, pursuant to Fed.R.Civ.P. 37(c)(1), that Hickory Wind was not prejudiced by Mar Com's discovery violations. *See Henry v. Gill Indus., Inc.,* 983 F.2d 943, 948 (9th Cir.1993) ("A defendant suffers prejudice if the plaintiff's actions impair the defendant's ability to go to trial or threaten to interfere with the rightful decision of the case.") (citation and alteration omitted). Hickory Wind was aware of Mar Com's theory of the case, but failed to call Dennis Cox (Cox), a key witness, to rebut Mar Com's theory that Cox approved the specific work items for the fishing vessel. Because the district court did not abuse its discretion in conducting its analysis and reaching its conclusions pursuant to Fed. R.Civ.P. 37(c)(1), Hickory Wind is not entitled to a new trial. *Cf. Jones v. Aero/Chem Corp.,* 921 F.2d 875, 879 n. 5 (9th Cir.1990) (recognizing that not all discovery misconduct justifies a new trial).

Because the district court did not abuse its discretion in conducting its Fed.

R.Civ.P. 37(c)(1) analysis and has already imposed substantial monetary sanctions against Mar Com, Hickory Wind is not entitled to additional sanctions.

**AFFIRMED.**

