**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 22 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ROBERT L. THEEDE, | No. 14-16708 |
| Plaintiff-Appellant, | D.C. No. 2:13-cv-00903-NVW |
| v. | |
| JACOBS, ANDERSON, POTTER, & CHAPLIN LLP; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Neil V. Wake, District Judge, Presiding

Submitted December 14, 2016**

Before:     WALLACE, LEAVY, and FISHER, Circuit Judges.

Robert L. Theede appeals pro se from the district court's summary judgment

in his action alleging federal and state law claims in connection with his eviction

from a commercial rental unit.  We have jurisdiction under 28 U.S.C. § 1291.  We

---

        *      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

        **     The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

review de novo. *Vasquez v. County of Los Angeles*, 349 F.3d 634, 639 (9th Cir. 2004). We may affirm on any basis supported by the record. *Henry v. Gill Indus., Inc.*, 983 F.2d 943, 950 (9th Cir. 1993). We affirm.

The district court properly granted summary judgment on Theede's 42 U.S.C. § 1983 unlawful search and seizure claim because Theede failed to raise a genuine dispute of material fact as to whether defendants violated his constitutional or statutory rights, or whether defendants acted under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988) ("To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."); *Franklin v. Fox*, 312 F.3d 423, 444-45 (9th Cir. 2002) (a private individual acts under color of state law only when there is significant state involvement in the action).

Summary judgment on Theede's breach of contract claim was proper because Theede failed to raise a genuine dispute of material fact as to whether defendants breached the lease agreement. *See Daniels v. Select Portfolio Servicing, Inc.*, 201 Cal. Rptr. 3d 390, 412 (Ct. App. 2016) (setting forth elements of breach of contract claim).

Summary judgment on Theede's misrepresentation and fraud claims was proper because Theede failed to raise a genuine dispute of material fact as to whether defendants made a misrepresentation with the intent to defraud or deceive Theede. *See Robinson Helicopter Co. v. Dana Corp.*, 102 P.3d 268, 274 (Cal. 2004) (setting forth elements of fraud claim).

The district court properly granted summary judgment on Theede's intentional infliction of emotional distress claim because Theede failed to raise a genuine dispute of material fact as to whether defendants' alleged conduct regarding his property was extreme and outrageous. *See Hughes v. Pair*, 209 P.3d 963, 976 (Cal. 2009) (setting forth elements of intentional infliction of emotional distress claim).

The district court did not abuse its discretion in denying Theede's motion for reconsideration because Theede failed to demonstrate any grounds for such relief. *See Casey v. Albertson's Inc*, 362 F.3d 1254, 1257, 1259-61 (9th Cir. 2004) (setting forth standard of review and grounds for reconsideration under Rule 60(b)).

We do not consider arguments or claims that were not presented to the district court, or matters not specifically and distinctly raised and argued in the

opening brief.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Theede's motions seeking a jury trial, filed on October 7, 2014 and July 28, 2015, are denied.

**AFFIRMED.**