NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

DEC 22 2016

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BOBBY LEE MONTGOMERY, | No. 15-15711 |
| Plaintiff-Appellant, | D.C. No. 2:11-cv-02079-RFB-PAL |
| v. | |
| LAS VEGAS METROPOLITAN POLICE DEPARTMENT; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Richard F. Boulware, District Judge, Presiding

Submitted December 14, 2016[**]

Before: WALLACE, LEAVY, and FISHER, Circuit Judges.

Bobby Lee Montgomery appeals pro se from the district court's judgment

dismissing his 42 U.S.C. § 1983 action alleging federal and state law claims. We

have jurisdiction under 28 U.S.C. § 1291. We review de novo both summary

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

judgment and a dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Doe v. Abbott Labs.*, 571 F.3d 930, 933 (9th Cir. 2009). We may affirm on any basis supported by the record. *Henry v. Gill Indus., Inc.*, 983 F.2d 943, 950 (9th Cir. 1993). We affirm.

The district court properly granted summary judgment on Montgomery's unlawful arrest claim because Montgomery failed to raise a genuine dispute of material fact as to whether defendants arrested him without probable cause. *See United States v. Gonzales*, 749 F.2d 1329, 1337 (9th Cir. 1984) (probable cause for a warrantless arrest exists if "under the totality of the facts and circumstances known to the arresting officer, a prudent person would have concluded that there was a fair probability that the suspect had committed a crime").

Dismissal of Montgomery's excessive force claim was proper because it would not have been clear to every reasonable officer that the conduct violated a clearly established right. *See Bryan v. MacPherson*, 630 F.3d 805, 823 (9th Cir. 2010) (police officer entitled to qualified immunity unless the conduct at issue violated a clearly established constitutional right).

The district court properly dismissed Montgomery's malicious prosecution claim because Montgomery failed to allege facts sufficient to show that defendants

acted with malice and without probable cause. *See Lacey v. Maricopa County*, 693 F.3d 896, 919 (9th Cir. 2012) (setting forth elements of malicious prosecution claim under § 1983).

The district court properly dismissed Montgomery's intentional infliction of emotional distress claim because Montgomery failed to allege facts sufficient to state a plausible claim. *See Barmettler v. Reno Air, Inc.*, 956 P.2d 1382, 1386 (Nev. 1998) (setting forth elements of claim for intentional infliction of emotional distress).

The district court properly dismissed Montgomery's claim under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978), because Montgomery failed to allege facts sufficient to show that a constitutional deprivation resulted from an official policy, practice, or custom. *See Cameron v. Craig*, 713 F.3d 1012, 1023 (9th Cir. 2013) (setting forth elements of a *Monell* claim).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Montgomery's request to amend the caption is denied.

**AFFIRMED.**

15-15711