NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUL 23 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

aPRIORI TECHNOLOGIES, INC., a
Delaware Corporation,

            Plaintiff-Appellee,

 v.

CHARLES JEROME BROQUARD,

            Defendant-Appellant,

 and

REID DOUGLAS FIELD,

            Defendant.

No.    17-56772

D.C. No. 2:16-cv-09561-JAK-KS

MEMORANDUM*

Appeal from the United States District Court
for the Central District of California
John A. Kronstadt, District Judge, Presiding

Submitted July 15, 2019**

Before:    SCHROEDER, SILVERMAN, and CLIFTON, Circuit Judges.

Charles Jerome Broquard appeals pro se from the district court's default

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

judgment and permanent injunction in plaintiff's diversity action alleging defamation, intentional interference with prospective economic advantage, and extortion. We have jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion the entry of default judgment as a discovery sanction under Federal Rule of Civil Procedure Rule 37. *Stars' Desert Inn Hotel & Country Club, Inc. v. Hwang*, 105 F.3d 521, 524 (9th Cir. 1997). We affirm.

The district court did not abuse its discretion by entering default judgment and a permanent injunction against Broquard because Broquard failed to comply with court-ordered discovery. *See Dreith v. Nuy Image, Inc.*, 648 F.3d 779, 788 (9th Cir. 2011) (discussing the five factors the district court must weigh before entering default as a sanction for discovery misconduct, and noting that "we will overturn a dismissal sanction only if we have a definite and firm conviction that it was clearly outside the acceptable range of sanctions" (citation and internal quotation marks omitted)).

To the extent Broquard argues that his conduct was not willful, Broquard did not show that his failure to comply with court-ordered discovery was due to circumstances beyond his control. *See Henry v. Gill Indus., Inc.*, 983 F.2d 943, 948 (9th Cir. 1993) (all that is required to demonstrate willfulness, bad faith, or fault is "disobedient conduct not shown to be outside the control of the litigant" (citation and internal quotation marks omitted)).

17-56772

Broquard's contentions that the injunction violates his First Amendment rights, the district court violated his due process rights, and the district court was biased and prejudiced against him, are unpersuasive.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Plaintiff's motion to file a supplemental brief (Docket Entry No. 26) is granted. The Clerk shall file the supplemental brief at Docket Entry No. 27 and the supplemental excerpts of record at Docket Entry No. 28.

**AFFIRMED.**